I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: ___6·26·13___

DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

**JUN 26 2013**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

NORWOOD W. HURST,

           Petitioner,

        vs.

ATTORNEY GENERAL OF
CALIFORNIA,

           Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 13-0421-JPR

MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS AND
DISMISSING ACTION WITH PREJUDICE

### PROCEEDINGS

On March 6, 2013, Petitioner filed a Petition for Writ of
Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C.
§ 2254.  The parties consented to the jurisdiction of the
undersigned U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c).
On May 15, 2013, after one extension of time, Respondent filed a
Motion to Dismiss the Petition and a supporting memorandum,
arguing that the Court lacked jurisdiction to decide the Petition
because Petitioner was not in custody at the time it was filed on
the conviction he challenges.  On May 30, 2013, Petitioner filed
an opposition.  Respondent did not file a reply.  For the reasons
discussed below, the Court grants Respondent's motion to dismiss
and dismisses the Petition with prejudice because the Court lacks

1

1 | jurisdiction to consider it.

2 | **BACKGROUND**

3 | On August 15, 2002, while Petitioner was serving a 25-year
4 | prison sentence for a robbery conviction, he pleaded nolo
5 | contendere to a misdemeanor charge of indecent exposure (Cal.
6 | Penal Code § 314(1)).[1]  (Pet. at 2; Pet. Mem. P. & A. at 7, 9.)
7 | That same day, Petitioner was sentenced to 30 days in county
8 | jail, to be served concurrently with his state-prison term.
9 | (Pet. at 2; Pet. Mem. P. & A. at 9.)   Petitioner did not appeal.
10 | (Pet. at 3.)

11 | Petitioner was released from prison in January 2006 and
12 | completed parole on February 19, 2009.[2]  (Pet. Mem. P. & A. at
13 | 3.)   On December 24, 2009, Petitioner was arrested for failing to
14 | register as a sex offender and was released on his own
15 | recognizance.   (Id.)

16 | On February 15, 2010, while released on his own
17 | recognizance, Petitioner filed a habeas petition in Riverside

---

[1]   Petitioner states that this charge resulted from an incident that occurred at the prison.  (Pet. Mem. P. & A. at 7.)

[2]   Petitioner states that he was "released from prison" in January 2006, then "expired his sentence[] and was discharged on parole" on February 19, 2009.  (Pet. Mem. P. & A. at 3.)  Although Petitioner's language is somewhat confusing, it appears that he means that he completed his entire sentence on both the robbery and the indecent-exposure convictions, including any parole, on February 19, 2009.  That interpretation comports with Petitioner's later statement that he "expir[ed] his prison sentence and complet[ed] his parole term" before being arrested for failing to register as a sex offender.  (Id. at 14.)

2

1  County Superior Court, which denied it on May 7, 2010.[3]  (Id.)
2  On May 26, 2010, Petitioner filed a habeas petition in the state
3  court of appeal.  (Id. at 4.)  On July 15, 2010, the court of
4  appeal ordered the government to show cause, returnable to the
5  superior court, why Petitioner was not misadvised as to the
6  application of California Penal Code section 290 to his indecent-
7  exposure conviction and why he should not be allowed to withdraw
8  his guilty plea.[4]  (Id.)  After additional briefing, the superior
9  court apparently denied the petition.  (Id. at 5-6.)  On March
10 26, 2012, Petitioner filed another petition in the court of
11 appeal, which denied it on April 2, 2012.  (Id. at 6.)  On April
12 30, 2012, Petitioner filed a habeas petition in the California
13 Supreme Court.  (Id. at 7.)  On August 8, 2012, the supreme court
14 denied the petition with citations to People v. Villa, 45 Cal.
15 4th 1063, 90 Cal. Rptr. 3d 344 (2009); In re Robbins, 18 Cal. 4th
16 770, 780, 77 Cal. Rptr. 2d 153, 159-60 (1998); and In re Wessley
17 W., 125 Cal. App. 3d 240, 246, 181 Cal. Rptr. 401, 403 (1981).
18 (Pet. Mem. P. & A. at 7, Ex. A.)  The supreme court's citations
19 to Villa and Wessley indicate that the petition was denied
20

---

21 [3]    Petitioner acknowledges that he became aware of the
22 registration requirement in January 2006 (Pet. Mem. P. & A. at 3)
   and yet did not first challenge it until four years later.  Thus,
23 for this and other reasons the Petition is most likely untimely
   under 28 U.S.C. § 2244(d) in addition to being infirm because the
24 Court has no jurisdiction to consider it.

25 [4]    At the time of Petitioner's plea in August 2002, section
26 290 provided that any person convicted of an enumerated sex
   offense, including a violation of section 314(1), "shall be
27 required to register with the chief of police in the city in which
   he or she is residing, or . . . is located."  Cal. Penal Code
28 § 290(a)(1)(A) & (2)(A).

because Petitioner was no longer in actual or constructive state custody. <u>See</u> <u>Villa</u>, 45 Cal. 4th at 1066, 1070-71 (holding that defendant who is not in state custody is ineligible for habeas relief and that collateral consequences of conviction, such as sex-offender-registration requirement, do not constitute constructive custody); <u>Wessley</u>, 125 Cal. App. 3d at 246-47, 249 (finding petitioner not entitled to habeas corpus relief because he was not in actual or constructive custody). The court's citation to <u>Robbins</u>, 18 Cal. 4th at 780, indicates that the petition was untimely. <u>See</u> <u>Thorson v. Palmer</u>, 479 F.3d 643, 644-45 (9th Cir. 2007).

### PETITIONER'S CLAIMS

1.    Petitioner did not knowingly, intelligently, and unequivocally waive his right to counsel at arraignment and "before trial." (Pet. Mem. P. & A. at 18-21.)

2.    Petitioner did not "competently and intelligently" choose self-representation, as required by <u>Faretta v. California</u>, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), because he did not "voluntarily waive" his right to be informed that he would be subject to a lifetime sex-offender registration requirement under California Penal Code section 290. (Pet. Mem. P. & A. at 22-25.)

### DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person <u>in custody</u> pursuant to the judgment of a State court only on the ground that he is <u>in custody</u> in violation of the Constitution or laws or treaties of the United States" (emphasis

4

1   added).   Section 2254(a)'s custody requirement "has been
2   interpreted to mean that federal courts lack jurisdiction over
3   habeas corpus petitions unless the petitioner is under the
4   conviction or sentence under attack at the time his petition is
5   filed."  Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010)
6   (citation and internal quotation marks omitted); see also Maleng
7   v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925, 104 L. Ed.
8   2d 540 (1989) (per curiam) (interpreting § 2254(a) "as requiring
9   that the habeas petitioner be 'in custody' under the conviction
10  or sentence under attack at the time his petition is filed").
11  Because the custody requirement is jurisdictional, "it is the
12  first question [the court] must consider."  Bailey, 599 F.3d at
13  978 (internal citation and quotation marks omitted).

14       "The boundary that limits the 'in custody' requirement is
15  the line between a 'restraint on liberty' and a 'collateral
16  consequence of a conviction.'"  Id. at 979 (citation, some
17  internal quotation marks, and alteration omitted).   Thus, a
18  petitioner on parole is considered to be "in custody."  Jones v.
19  Cunningham, 371 U.S. 236, 242-43, 83 S. Ct. 373, 376-77, 9 L. Ed.
20  2d 285 (1963).   Once the sentence imposed for a conviction has
21  "completely expired," however, the collateral consequences of
22  that conviction are not sufficient to render an individual "in
23  custody" for the purposes of a habeas petition.   Maleng, 490 U.S.
24  at 492.

25       Petitioner was not "in custody" when he filed his federal
26  Petition, in March 2013, because he had already completed the 30-
27  day sentence for his 2002 indecent-exposure conviction and was
28

1 | not on parole for that offense.[5]  Petitioner was thereafter
2 | required to register as a sex offender, but that was a collateral
3 | consequence that did not render him "in custody" for the purposes
4 | of § 2254(a).  See Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th
5 | Cir. 1999) (holding that California sex-offender-registration
6 | requirement following discharge from custody and parole is
7 | insufficient to meet custody requirement).

8 |     Petitioner nevertheless argues that § 2254(a)'s custody
9 | requirement was satisfied because his federal Petition alleges
10 | that he was "deprived appointment of counsel at arraignment and
11 | at trial" for his indecent-exposure charge.  (Opp'n at 4.)  In
12 | support, Petitioner cites Johnson v. Zerbst, 304 U.S. 458, 58 S.
13 | Ct. 1019, 82 L. Ed. 1461 (1938); Custis v. United States, 511
14 | U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994); and United
15 | States v. Morgan, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 248
16 | (1954).  (Opp'n at 3-6.)  None of those cases, however, support
17 | Petitioner's argument.

18 |     In Johnson, which was decided when the underlying habeas
19 |

20 |     [5]   Petitioner does not allege that he received a parole term
21 | as part of his sentence for the 2002 indecent-exposure conviction;
thus, it appears that his three-year parole term actually resulted
22 | from his robbery conviction.  In any event, even if the parole term
had been part of Petitioner's sentence for the indecent-exposure
23 | conviction, it ended in February 2009, over four years before he
filed his federal Petition.  (See Pet. Mem. P. & A. at 3, 15.)
24 | Moreover, it does not appear that Petitioner would have received
more than a three-year parole term for his sex offense.  See Cal.
25 | Penal Code § 3000(b)(1)-(2) (period of parole generally three
years); compare id. §§ 3000(b)(3)-(4) (providing for longer period
26 | of parole for specified sex offenses not including violations of
27 | section 314(1)), 3000.1(a)(2) (same).  Petitioner's parole term
therefore could not have satisfied the custody requirement when
28 | Petitioner filed his federal Petition in March 2013.

6

1  statute was construed to allow collateral attacks on convictions
2  only when the rendering court lacked jurisdiction, see Custis,
3  511 U.S. at 494; Johnson, 304 U.S. at 465, the Supreme Court
4  found that the failure to appoint counsel was a "jurisdictional
5  bar" that rendered a conviction void and allowed a petitioner
6  "imprisoned thereunder" to "obtain release by habeas corpus."
7  Id. at 468.   In Custis, the Supreme Court held that a defendant
8  in a federal sentencing proceeding may not collaterally attack
9  the validity of previous state convictions used to enhance his
10  sentence under the Armed Career Criminal Act of 1984, 18 U.S.C.
11  § 924(e), "with the sole exception of convictions obtained in
12  violation of the right to counsel."   511 U.S. at 487.   In Morgan,
13  the Supreme Court found that a sentencing court may issue a writ
14  of error coram nobis to redress a fundamental error in a
15  conviction or sentence, which in that case was a deprivation of
16  counsel in violation of the Sixth Amendment, even after the
17  sentence has fully expired.   346 U.S. at 513.   Those cases do not
18  establish that a federal petitioner who has completed his full
19  sentence for a challenged state conviction can be considered "in
20  custody" for the purposes of § 2254(a) simply because he asserts
21  a deprivation of his right to counsel.

22      Petitioner's argument is also foreclosed by Lackawanna
23  County District Attorney v. Coss, 532 U.S. 394, 121 S. Ct. 1567,
24  149 L. Ed. 2d 608 (2001).   In Lackawanna County, the petitioner
25  filed a habeas petition challenging the validity of a 1986
26  conviction that was used to enhance his sentence for a 1990
27  conviction, arguing that the earlier conviction was the product
28

7

of ineffective assistance of counsel.[6]  532 U.S. at 399.  The

Supreme Court found that petitioner was "no longer serving the

sentences imposed pursuant to his 1986 convictions, and therefore

cannot bring a federal habeas petition directed solely at those

convictions."  Id. at 401.  The Court concluded, however, that

the petitioner "satisfi[ed] § 2254's 'in custody' requirement"

because his petition could be "construed as asserting a challenge

to the 1990 sentence, as enhanced by the allegedly invalid prior

1986 conviction," and he was "currently serving the sentence for

his 1990 conviction."  Id. at 401-02 (citation, internal

quotation marks, and alterations omitted).  The Court went on to

hold that even when the custody requirement is met, a petitioner

"generally may not challenge the enhanced sentence through a

petition under § 2254 on the ground that the prior conviction was

unconstitutionally obtained."  Id. at 403-04.  The Court

recognized narrow exceptions to that general rule, however, such

as when a petition "challenge[s] an enhanced sentence on the

basis that the prior conviction used to enhance the sentence was

obtained where there was a failure to appoint counsel in

violation of the Sixth Amendment, as set forth in Gideon v.

Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963)."

Lackawanna Cnty., 532 U.S. at 404.

     Here, Petitioner challenges only the 2002 indecent-exposure

conviction.  (See Pet. at 2.)  Indeed, he does not claim that he

---

     [6]     The petitioner in Lackawanna County was convicted of
three offenses in 1986, but in his federal petition, he alleged
that only one of them was the product of ineffective assistance of
counsel.  532 U.S. at 1570-72.

has subsequently been convicted of any other offense, and he is not presently incarcerated.  Because he is no longer serving the sentence for the 2002 conviction, he cannot bring a federal habeas petition directed solely at it, regardless of whether his underlying claims assert a violation of his Sixth Amendment right to counsel.  See Lackawanna Cnty., 532 U.S. at 401 (finding that petitioner was "no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions"); see also Maleng, 490 U.S. at 492 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."); Dubrin v. California, No. 10-56548, 2013 U.S. App. LEXIS 12561, at *6 (9th Cir. June 20, 2013) ("[Petitioner] has fully served the sentence he received for the 2000 conviction, so he is no longer 'in custody' on that conviction.").  As noted, Petitioner does not claim that he was serving any other sentence at the time his Petition was filed, let alone a sentence that was enhanced by the allegedly invalid conviction.[7]  Thus, the narrow exception recognized by Lackawanna County – allowing challenges to enhanced

---

[7]    Petitioner relies on Zichko v. Idaho, 247 F.3d 1015 (9th Cir. 2001), in which the Ninth Circuit found that a petitioner seeking to challenge a 1987 rape conviction had satisfied the custody requirement, despite having completed his sentence for that offense, because he was incarcerated for failing to comply with a sex-offender registration requirement that had resulted from the rape conviction.  Id. at 1019-20.  As discussed, however, here Petitioner does not allege that he was in custody for any offense at all at the time he filed his federal Petition.

sentences based on prior convictions that involved a deprivation of counsel – does not apply.  See also Dubrin, 2013 U.S. App. LEXIS 12561, at *13 (holding that when petitioner is unable to timely challenge constitutionality of conviction through no fault of his own – in that case, because prosecutor and trial judge incorrectly informed him that charge to which he was pleading guilty could not subsequently be used as strike – and subsequent sentence is enhanced based on that conviction, petitioner may bring habeas challenge).

The Court therefore lacks jurisdiction to review the Petition because Petitioner was not "in custody" at the time it was filed and because he does not challenge any subsequent enhanced sentence.  Although Petitioner's allegations concerning his 2002 indecent-exposure conviction are troubling if true, the Court has no authority to grant him any relief.

### ORDER

IT THEREFORE IS ORDERED that Judgment be entered granting Respondent's motion to dismiss and dismissing the Petition with prejudice.

DATED: June 26, 2013

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

10